IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

DOUGLAS VERDIER and ANDREW LONG,
    Plaintiffs,

vs.

GREG and LAURIE BOST,
    Defendants.

Case No. 3:18-cv-05043-BHS

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR CIVIL PENALTIES

_____ FILED _____ LODGED
_____ RECEIVED

JAN 18 2018

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____DEPUTY

    The plaintiffs, Douglas Verdier, appearing *pro se*, and Andrew Long, appearing *pro se* (collectively "Plaintiffs"), bring suit under the Clean Water Act (CWA) to secure relief from past and ongoing violations caused by discharging pollution without obtaining the necessary permit(s), and allege:

**PARTIES**

1.

    Plaintiff Douglas Verdier is a resident of Washington and the record title owner of the property commonly known as 36105 NE Washougal River Road, Washougal, WA 98671 ("the Verdier property"), the southern edge of which abuts the Washougal River.

2.

    Plaintiff Verdier has owned the above-referenced property since September 2008. He resided in the house thereon from that time until about 2011, since which time the home has been

COMPLAINT- 1

occupied primarily by his son. Since changing his primary residence, Plaintiff Verdier has continued to visit the Verdier property an average of two-to-four times per month for weekend stays since 2011.

3.

Plaintiff Verdier has regularly enjoyed the Washougal River, both as it passes his property and in other areas to which he has waded and traversed from the area adjoining his property. His use and enjoyment of the river includes fishing salmon and steelhead, aesthetic enjoyment from the deck on his property and the sandy beach adjacent thereto, the additional value added to his property for its riverfront quality (including economic value and social value for hosting guests), and other river-dependent activities. Of particular note, Plaintiff Verdier values the river for its qualities as a spawning habitat for wild salmon and other fishes, including the portion that abuts his property.

4.

Plaintiff Long is a resident of Oregon, an environmental law scholar, and a former environmental law professor who has become familiar with and enjoyed the Washougal River by visiting the Verdier Property to interact with Plaintiff Verdier and his son, socially and professionally.

5.

Plaintiff Long has visited the Verdier property and anticipates regular visits to the Verdier property, the portion of the Washougal River it abuts and to other portions of the Washougal River for the foreseeable future. He has enjoyed the aesthetics of the river, the experience of wading in the river, and will learn to fish on the river with Plaintiff Verdier's son. He also enjoys the river for its value in supporting salmon and other fish and wildlife that

COMPLAINT- 2

Plaintiff Long enjoys throughout the region when he hikes, camps, and otherwise partakes of nature-dependent activities. Further, Plaintiff Long's environmental scholarship gives him a professional research interest in observing and becoming familiar with the interaction between riparian property owners and the river ecosystem.

6.

The defendants, Greg and Laurie Bost ("Defendants") are residents of Washington and the record owners of the property commonly known as 36115 NE Washougal Rd., Washougal, WA 98671 ("the Bost property"), on which they reside. The Bost property abuts the eastern edge of the Verdier property and also abuts the Washougal River along its southern edge, such that the Bost property is immediately upstream of the Verdier property

7.

Defendants purchased the Bost property in 2004, at which time the portion of the Washougal adjoining their property remained, so far as is known, in its natural state with no artificial impediments to its flow.

**BACKGROUND AND APPLICABILITY OF THE CWA**

8.

The Washougal River flows into the Columbia River and was long used as a highway for commerce in timber, carrying millions of board feet annually. On that basis and others, the Washougal has long been recognized as a "navigable in fact" river. A significant portion of the Washougal River is susceptible to the ebb and flow of the tides.

COMPLAINT- 3

9.

Both in its own right and as a tributary to the Columbia River, the Washougal River is a "water of the United States" under the CWA because, among other reasons, it is a traditional navigable river. *See* 33 C.F.R. § 328.3(a)(1); *see generally* Joint Guidance of the US EPA and US ACE, *Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in Rapanos v. United States & Carabell v. United States* (2008) (affirming that EPA and the Corps will continue to assert jurisdiction over "[a]ll waters which are currently used, or were used in the past . . . in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide." 33 C.F.R. § 328.3(a)(1); 40 C.F.R. § 230.3(s)(1)).

10.

The Washougal River has a history as a highway of commerce dating back over 100 years when it was a significant means of transporting timber. *See e.g.* Washougal River Imp. & Log-Driving Co. v. Skamania Logging Co., 23 Wash. 89 (1900). This creates § 328.3(a)(1) navigability and jurisdiction.

11.

To the extent any affected area of the Washougal River is not clearly within the jurisdiction of the CWA under 33 C.F.R. § 328.3(a)(1), such areas are within the jurisdiction of the CWA under 33 C.F.R. § 328.3(a)(3) because they "are or could be used by interstate or foreign travelers," such as Plaintiff Long herein, "for recreational or other purposes;" because fish or shellfish are or could be taken and sold in interstate or foreign commerce;" and/or

because they qualify under 33 C.F.R. § 328.3(a)(5) as tributaries of the above-referenced waters, or others described in 33 C.F.R. § 328.3(a)(1)-(4).

12.

With regard to all private parties herein, ownership of the lands adjacent to the Washougal River extends only so far as the ordinary high water mark and all lands further within the river are owned by the State of Washington in public trust, and thus fully subject to regulation under CWA. *See* Wash. Const. Art. XVII, s. 1; *see aslo* Larson v. Nelson, 77 P. 3d 671 (Wash. Ct. App., 2003).

13.

Washington public trust lands are further protected through the state's Shoreline Management Act (SMA). RCW 90-58-010 *et. seq.*; *see also e.g.* Chelan Basin Conservancy v. GBI Holding Co., 399 P. 3d 493 (Wash. 2017). Accordingly, the Washougal River below the ordinary high water mark is subject to the SMA.

14.

As with the CWA, the SMA authorizes private citizens to bring an action for damages, and may recover attorney fees and costs, under the SMA where a violation is not being addressed by regulators. RCW 90.58.230; *see generally* Chelan Basin Conservancy, *supra.*

15.

Washington's statutes create a specific type of public nuisance action based on impedance of navigable waterways, including those in violation of the SMA. RCW 7.48.140(3).

COMPLAINT- 5

16.

As recently as 2007 and 2008, as photographs and aerial photography demonstrate, the portion of the Washougal River flowing past the Bost property were not impeded below the ordinary high water mark.

16.

In approximately 2009, Defendants caused large quantities of soil to be dumped on the southern edge of their property and beyond into the Washougal River, which may or may not have cross the ordinary high water mark at that time.

17.

This court has jurisdiction under 33 U.S.C. § 1365(a) and venue is proper in the Western District of Washington violations that are the subject of this action occurred in Clark County, Washington.

18.

More than 60 days prior to the filing of this action, the plaintiffs, pursuant to 33 U.S.C. § 1365, gave notice of the CWA violation to the Defendants, to the State of Washington, Department of Ecology, and to the Administrator of the United States Environmental Protection Agency. A true and correct copy of the Notice is attached hereto as Exhibit A and incorporated by this reference.

19.

Neither state nor federal agencies have begun or maintained actions sufficient to constitute diligent prosecution of the violations of the CWA described herein by the Defendants, nor are any such agencies proceeding against the alleged violations under the state SMA.

FIRST CAUSE OF ACTION: CWA Violations (Fill Without Permit)

20.

Plaintiffs reallege paragraphs 1-19 and incorporate them by reference herein.

21.

In mid-January 2013 and every day thereafter for at least 30 days, Defendants undertook to level their front yard by removing soil therefrom, placing it in a wheelbarrow, and dumping it directly into the Washougal River below the ordinary high water mark.

21.

The soil that Defendants dumped below the ordinary high water mark of the Washougal River caused changes to the surface of the riverbed, impeded or otherwise affected the flow, temperature, or other characteristics of the water and aquatic environment, and, for these and other reasons, the constituted "pollution" under 33 U.S. Code § 1362(19).

22.

At no time did the Defendants' have a permit under the CWA or other relevant law with regard to the dumping of soil into the Washougal River.

COMPLAINT- 7

23.

Defendants' discharges of pollution, as described above and as will be demonstrated at trial, was in violation of 33 U.S. Code § 1311(a).

SECOND CAUSE OF ACTION: CWA Violation(s) (Fill Without Permit)

24.

Plaintiffs reallege paragraphs 1-23 and incorporate them by reference herein.

25.

Beginning on or about January 20, 2013, Defendants, through their agent, had begun regularly adding fill materials, including concrete and other construction debris, into the Washougal River adjacent to their property below the ordinary high water mark in order to construct and/or maintain a "retaining wall" and other structures, including a fence that protrudes below the ordinary high water mark.

26.

At the commencement of these activities and during various additions and repairs to such structures undertaken thereafter through at least 2014, Defendants' or their agent's additions of fill below the ordinary high water mark of the Washougal River caused changes to the surface of the riverbed, impeded or otherwise affected the flow, temperature, or other characteristics of the water and aquatic environment, and, for these and other reasons, the fill material constituted "pollution" under 33 U.S. Code § 1362(19).

27.

At no time did the Defendants' have a permit from the U.S. Army Corps of Engineers or any other agency under the CWA or other relevant law.

COMPLAINT- 8

28.

Defendants' discharges of pollution, through the addition of fill material as described above and as will be demonstrated at trial, was in violation of 33 U.S. Code § 1311(a).

29.

Defendants' addition of fill material was conducted in such a manner as creates an ongoing discharge of pollutants from January 2013 to present through the changes, crumbling, or other movement of added material such that it causes new additions below the ordinary high water mark, regular or occasional changes to the riverbed, and shifting or changes affects to the characteristics of the water and aquatic environment.

30.

Based on the foregoing, Plaintiffs are entitled to an order imposing appropriate civil penalties under 33 U.S.C. §§ 1365(a) and 1319(d).


THIRD CAUSE OF ACTION: Violations of State Law and Public Nuisance

31.

Plaintiffs reallege paragraphs 1-30 and incorporate them by reference herein.

32.

Defendants' actions in adding fill material and constructing structures, which included such action below the ordinary high water mark as described above, violated the state prohibition on water pollution without a permit. *See* RCW 90.48.080.

COMPLAINT- 9

33.

Defendants' actions in adding fill material and constructing structures in and around the Washougal River, including such activities adjacent to or otherwise affecting the Washougal River as contemplated by the SMA, were performed without satisfying the permit or exception requirements of the SMA. *See* RCW 90-58-010 *et. seq.*

34.

Multiple times since the erection of Defendant's erection of a fence that protrudes below the ordinary high water mark after January 20, 2013, Plaintiff Verdier has been unable to access public trust portions of the Washougal River due the aforementioned fence blocking his known safe access ways below the ordinary high water mark.

35.

On or About August 19, 2017, Plaintiff Long sought to proceed upriver from the Verdier property and was blocked from doing so by Defendants' obstruction protruding below the ordinary high water mark, thereby preventing his access to and further recreational enjoyment of public trust portions of the Washougal River.

36.

Based on the foregoing, Plaintiffs are entitled to maintain an action to recover damages for public nuisance under RCW 7.48.140(3).

WHEREFORE, Plaintiff prays for an order of the court:

(a) A declaration the Defendants have violated the Clean Water Act as described herein;

(b) An injunction requiring Defendants to immediately remove all fill material added below the ordinary high water mark of the Washougal River and to restore the physical and ecological conditions of such areas to their pre-filled conditions as may be determined and supervised by an appropriate governmental agency;

(c) An assessment of penalties against Defendants pursuant to 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4, as well as any other applicable statute or regulation, for each day and instance of violation(s);

(d) Damages to compensate for Plaintiffs' lost use and enjoyment of the state public trust waters due to Defendant's obstruction of access thereto as a public nuisance;

(e) An award of plaintiffs' costs and reasonable attorneys' fees pursuant to 33 U.S.C.§ 1365 and/or state law; and

(e) Such further relief as the court deems just and equitable.

_____
Douglas Verdier, Plaintiff *pro se*
36105 NE. Washougal River Rd
Washougal, Wa 98671

DATED: 1/17, 2018.

_____
Andrew Long, Plaintiff *pro se*
610 SW Broadway
Portland, OR 97210

DATED: 1/17, 2018.

COMPLAINT- 11

# E. Andrew Long

610 SW Broadway, Ste. 510　　　　　　　Attorney at Law　　　　　　　503-479-8654 (o)
Portland, Oregon 97205　　　　　Admitted in Oregon and New York　　　　904-253-9957 (c)
andrewlongpdx@gmail.com　　　　　　　　　　　　　　　　　　　　　　503-549-0156 (f)

October 19, 2017

Greg and Laurie Bost  
36115 NE Washougal Rd  
Washougal, WA 98671

USEPA William Jefferson Clinton Building  
North (WJC North)  
1200 Pennsylvania Avenue N.W.  
Washington, DC 20004

Michelle Pirzadeh  
Region 10 EPA administrator  
Environmental Protection Agency  
1200 Sixth Avenue, Suite 900  
Seattle, WA 98101

Department of Ecology  
Director-Maia Bellon  
P.O. Box 47775  
Olympia, WA 98504-7775

Re: 60-day Notice of Intent to File Suit Under § 505 of the Clean Water Act

Dear Mr. & Mrs. Bost –

This letter provides you with notice that Charles D. Verdier, a private citizen who lives on the Washougal River and regularly uses it for recreational purposes, and E. Andrew Long, also a private citizen (licensed as an attorney in Oregon and New York) who has enjoyed recreating in and around the Washougal via the access provided by Mr. Verdier's land, intend to file a citizen suit against you for violations of the Clean Water Act (CWA) that have occurred in connection with your construction and maintenance of a structure or structures that required you to "fill" parts of the Washougal River adjacent to your property at the above-referenced address. This notice is provided under CWA § 505, 33 USC § 1365, which requires that you (as the contemplated defendant) and the above-named agencies receive 60 days' notice before a citizen suit is commenced. Therefore, you have until December 19, 2017 to correct the violations noted below or we may file a complaint to assert the claims discussed below with no further notice to you, unless the EPA or DEQ have begun and continue diligently prosecuting government action against you to correct the violations.

### Federal Law Governing Discharge of "Dredged and Fill Material" into Navigable Waters Applies

The CWA regulates certain activities in the "waters of the United States," which are "navigable waters" as defined by the US EPA and Army Corps of Engineers under the authority of the CWA. The Washougal River is a navigable water in that it is a tributary of the Columbia River and is partial subject to tidal influence, among other reasons.

The CWA prohibits "the discharge of any pollutant by any person" into the waters of the U.S. except in compliance with a validly issued permit. CWA § 301; 13 U.S.C. § 1311. The U.S. Army Core of Engineers regulates permitting for the discharge of "dredged or fill materials" into the waters of the U.S. CWA § 404, 13 U.S.C. §1344. The Army Corps of Engineers' regulatory definition of "fill material" clarifies that:

> the term fill material means material placed in waters of the United States where the material has the effect of: (i) Replacing any portion of a water of the United States with dry land; or (ii) Changing the bottom elevation of any portion of a water of the United States. (2) Examples of such fill material include, but are not limited to: rock, sand, soil,

States. (2) Examples of such fill material include, but are not limited to: rock, sand, soil, clay, plastics, construction debris, wood chips, overburden from mining or other excavation activities, and materials used to create any structure or infrastructure in the waters of the United States.

Therefore, adding materials such as cinder blocks or gravel to build a retaining wall or otherwise buttress the shoreline will generally be considered adding "fill material" because, among other reasons, they change the elevation of the river bottom. In other words, building a structure or adding materials that change the elevation of the river bottom in the Washougal River or create new dryland areas in or abutting the Washougal River is unlawful unless carried out in compliance with a validly issued permit by the U.S. Army Corps of Engineers under CWA § 404.

### Your Violation of Federal Law in the Washougal River

Aerial photographs from 2007 show the state of the Washougal River along your property line to be different than it is today in significant ways. These differences are primarily a result of your activity since that time, which consisted of building and reinforcing a structure well into the Washougal River, apparently for the purpose of creating more usable yard space and reducing the impact of high water on your property. Whatever the purposes, however, to the extent that you or your agents added fill material to the Washougal River, you were required to have a CWA § 404 permit and to comply with its terms. We were unable to locate any such permit and therefore have concluded that the addition of fill material, beginning (or re-starting) sometime in late December 2010 and continuing intermittently through approximately June 2013, was unlawful.

### Civil Penalties

Unless corrected by you or diligently prosecuted by government regulators, we intend to file suit under CWA § 505 (the citizen suit provision) on the basis of your violations as described above. We intend to seek the maximum relief available, including but not limited to injunctive relief to cease and repair the violation and/or civil penalties of up $37,500 per day of violation for the last five years. For example, if you are not proactive in correcting the violations within 60 days, and if you are found to have been in violate for every day of the last five years, the maximum penalty in this case would exceed $68 million.

Sincerely,

E. Andrew Long
Attorney at Law, OSB # 033808

Charles D. Verdier
36105 NE Washougal Rd
Washougal, Wash 98671