UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS VERDIER and ANDREW LONG,<br><br>                      Plaintiffs,<br>    v.<br><br>GREG BOST and LAURIE BOST,<br><br>                      Defendants. | CASE NO. C18-5043 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, GRANTING PLAINTIFFS LEAVE TO AMEND, AND GRANTING PLAINTIFFS' MOTIONS TO EXTEND EXPERT WITNESS DISCLOSURE DEADLINE |

      This matter comes before the Court on Defendants Greg and Laurie Bost's ("Defendants") motion to dismiss (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

      On January 19, 2018, Plaintiffs Douglas Verdier and Andrew Long filed a complaint against Defendants.[1] Dkt. 1. On July 9, 2018, Defendants filed a motion to

---

[1] Defendants ask the Court to dismiss the lawsuit because of Plaintiff Long's unauthorized practice of law. The Court declines, noting that Plaintiffs appear separately in the complaint as citizens petitioning *pro se*. Dkt 1, 1:13–16. Additionally, each Plaintiff has signed each pleading. Dkt. 1, 11:17–25; Dkt. 19, 10.

ORDER - 1

dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 16. On July 25, 2018, Plaintiffs jointly responded. Dkt. 19. On July 31, 2018, Defendants replied. Dkt. 20.

On July 5, 2018, Plaintiffs filed a motion to extend the time to disclose an additional expert witness. Dkt. 17. On August 15, 2018, Plaintiffs filed a separate motion to extend the expert witness disclosure deadline. Dkt. 21.

## II. FACTUAL BACKGROUND

This case arises out of Plaintiffs' allegations that Defendants improperly introduced dirt, fill, and a concrete retaining wall or fence into the Washougal River between 2009 and 2013, in violation of the Clean Water Act, 33 U.S.C. § 1251, *et seq.* ("CWA"). Dkt. 1. Plaintiff Verdier and the Defendants are neighbors and own adjoining homes along the Washougal River in Washougal, Washington. Dkt. 1, ¶ 6. Plaintiff Long recreates in the Washougal River. Dkt. 1, ¶ 5. It is undisputed that the Washougal River is a waterway of the United States. Dkt. 1, ¶¶ 8–11; 33 C.F.R. § 328.3(a)(1).

Plaintiffs bring two CWA claims and a state law nuisance claim under RCW 7.48.140(3). In their first CWA claim, titled "Fill Without Permit," Plaintiffs allege that Defendants dumped soil directly into the Washougal River for a period of at least thirty days beginning in January 2013. Dkt. 1, ¶¶ 20–23. Plaintiffs allege that Defendants' discharge of soil was a pollutant within the meaning of the CWA. *Id.*

In their second CWA claim, also titled "Fill without Permit," Plaintiffs allege that Defendants dumped "fill material," to include concrete and other construction debris, into the Washougal, beginning on January 20, 2013, in order to construct or maintain a retaining wall. Dkt. 1, ¶¶ 24–30. Plaintiffs allege that Defendants' discharge of fill

material was a pollutant within the meaning of the CWA. *Id.* Plaintiffs also allege that the retaining wall presents an ongoing discharge of pollutants into the Washougal River through crumbling or disintegration. *Id.* at ¶ 29. Plaintiffs allege that Defendants acted without any applicable permit at all times.

Plaintiffs' public nuisance claim is based upon Washington law prohibiting the introduction of structures into public rivers. *See* RCW § 7.48.140(3); Shoreline Management Act of 1971, RCW § 90.58.010, *et seq.* Plaintiffs allege that the retaining wall remains permanently below the Washougal River's ordinary high-water mark. Dkt. 1, ¶ 34.

### III. DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to state a facially plausible claim to relief to prevail on a motion to dismiss. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

## A. Citizen Suits Under the CWA

The CWA establishes a comprehensive scheme to regulate the discharge of pollutants into the navigable waters of the United States. 33 U.S.C. § 1251(a); *Resource Inv. Inc. v. U.S. Army Corps of Eng'rs*, 151 F.3d 1162, 1165 (9th Cir. 1998). CWA § 1311 references two permit types: the first issued by the Environmental Protection Agency ("EPA") under the National Pollution Discharge Elimination System ("NPDES"), 33 U.S.C. § 1342 (commonly known as "§ 402"), and the second issued by the Army Corps of Engineers ("Corps") under 33 U.S.C. § 1344 (commonly known as "§ 404"). 33 U.S.C. §§ 1342, 1344.

In general, actions can be brought by private persons and entities for the purpose of enforcing pollution discharges under CWA § 1311(a). *See* 33 U.S.C. § 1365(a). This is typically referred to as the CWA's "citizen suit" provision. *Id.* Here, Plaintiffs bring citizen suit claims alleging that Defendants violated § 1311(a) of the CWA by discharging pollutants, specifically dirt, fill, and structures, without a permit, into the Washougal River. Defendants argue that the CWA only authorizes citizen suits to enforce violations of permits issued by the EPA for the discharge of pollutants, which are regulated separately than permits issued by the Corps for dredge or fill, the materials at issue here. Dkt. 16, at 2 ¶ B. Because Plaintiffs make factual allegations that plausibly show CWA § 1311(a) violations, Defendants have failed to meet their burden on a motion to dismiss.

It is unlawful to discharge any pollutant into the waters of the United States except discharges made in compliance with the CWA. 33 U.S.C. §§ 1311(a), 1342(a). In order to

lawfully discharge a pollutant, a permit must be obtained. *See Community Ass'n for Restoration of the Environment v. Henry Bosma Dairy*, 305 F.3d 943, 946 (9th Cir. 2002). As Plaintiffs' argument goes, because Defendants failed to obtain a permit to discharge soil and fill into the Washougal River, their discharge was not in compliance with CWA § 1311(a). To the extent that Defendants have failed to cite any authority to the contrary, the Court concludes that this is a cognizable legal theory, as explained below.

The CWA's citizen suit provision, 33 U.S.C. § 1365(a)(1), authorizes a private cause of action against any person who is alleged "to be in violation of an effluent standard or limitation." Section 505(f) goes on to define effluent standard or limitation as:

(1) an unlawful act under subsection (a) of § 1311;
(2) an effluent limitation or other limitation under § 1311 or 1312;
(3) a standard of performance under § 1316;
(4) a prohibition, effluent standard or pretreatment standard under § 1317;
(5) certification under § 1341;
(6) a permit or condition thereof issued under § 1342; or
(7) a regulation under section 1345(d).

33 U.S.C. § 1365(f). Thus, for Plaintiffs to claim a violation of § 1365(a)(1), they must plausibly show that Defendants violated an effluent standard or limitation as described by at least one of the seven subsections in the citizen suit provision. *Citizens Alliance for Property Rights v. City of Duvall*, No. C12–1093RAJ, 2014 WL 1379575 at \*2 (W. D. Wash. Apr. 8, 2014). Subsections (f)(1) (an unlawful act) and (f)(6) (a permit or condition thereof) are most relevant here.

Defendants make a statutory interpretation argument that Congress's explicit inclusion of § 402 violations in subsection (f)(6), as well as its silence regarding § 404 violations, demonstrates Congress' intent to provide a vehicle for citizens to contest discharges of pollutants with or without a § 402 permit, but never to contest violations of dredge or fill material under permits that would be regulated by the Corps under § 404. However, it is Defendants' failure to obtain any permits at all, issued either by the EPA or the Corps, that turns their discharge into the unlawful act that Plaintiffs contemplate under § 1365(f)(1). If Defendants had obtained a permit for their activities, their discharges would most likely have been be "in compliance" with the CWA and therefore not unlawful. 33 U.S.C. § 1311(a). Moreover, if Defendants had specifically obtained a § 404 permit issued by the Corps, the Court agrees that a violation of that permit would likely not be redressable by citizen plaintiffs. *See, e.g.*, *Atchafalaya Basinkeeper v. Chustz,* 682 F.3d 356 (5th Cir. 2012). But Defendants have not provided the Court any direct authority for the proposition that citizens cannot bring suit against <u>unpermitted</u> discharges under the CWA. Accordingly, Defendants' motion to dismiss is denied on that basis.

**B.      "Wholly Past" Violations**

Plaintiffs' first CWA claim is based on Defendants' introduction of soil into the Washougal River for a discrete period in January 2013. The CWA does not permit suits for violations "wholly past," instead requiring plaintiffs to show that a defendant is "in violation" of the CWA at the time the lawsuit is filed. *See Gwaltney of Smithfield, Ltd., v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59 (1987) (finding that Congress' pervasive

use of the present tense in § 505 demonstrates that the interest of the citizen-plaintiff is forward looking).

In their first claim, Plaintiffs have not met the exacting temporal standard required by *Gwaltney*. In ¶¶ 20–23 of their complaint, Plaintiffs fail to create a nexus between Defendants' thirty-day introduction of soil in 2013 and an ongoing CWA violation today. Dkt. 1. While ¶ 21 does allege changes to the Washougal's riverbed, the language used is entirely in the past tense.[2] Accordingly, the Court concludes that the violation, as alleged, is wholly past, and Plaintiffs' first CWA claim is dismissed.

Plaintiffs adequately pled their second CWA claim under the *Gwaltney* standard. This is because they allege a continuing violation of the CWA. *See* Dkt. 1, ¶ 29 ("creates an ongoing discharge of pollutants from January 2013 to present through the changes, crumbling, or other movement of added material"). While the Court notes that Plaintiffs' allegations are imprecise, they are construed in their favor. *See Keniston*, 717 F.2d at 1301. Here, Plaintiffs plausibly show that the ongoing discharge of concrete and other retaining-wall material into the Washougal River without a permit is a present and unlawful discharge of pollutants under the CWA.

**C.     Public Nuisance Claim**

Last, Plaintiffs maintain a Washington law claim for public nuisance under RCW 7.48.140(3), based on Defendants' erection of a structure below the high-water mark of the Washougal River, a public waterway. Under Washington law, a private person may

---

[2] Plaintiffs list numbered paragraph 21 twice in their complaint. The Court refers to the second paragraph 21.

maintain an action for public nuisance only upon a showing of special injury distinct from that done to the whole community. *State v. Grant*, 156 Wn. 96 (1930). However, the Washington Supreme Court recently examined the special injury requirement precisely as it relates to a public nuisance action seeking the removal of an impediment from a waterway. *See Chelan Basin Conservancy v. GBI Holding Co.*, 190 Wn.2d 249, 271 (2018). In upholding the plaintiff's organizational standing, the court reasoned that the conservancy members had injuries distinct from the public because they regularly recreated in the waters of Lake Chelan. *Id.* at 272. Moreover, the court found that the injury to the plaintiff's members was real and not speculative, because the members had been blocked from the lake's waters by the defendant's six-acre landfill protruding into the lake. *Id.* at 273. In reaching its determination, the court reviewed and rejected *Lampa v. Graham*, 179 Wn. 184 (1934), which is relied upon by Defendants.

Here, Plaintiffs allege with specificity that they were blocked from recreating (wading) in the public waters of the Washougal River. Dkt. 1, ¶ 35. Under Washington law apparent, Plaintiffs meet standing requirements. Accordingly, the Court denies Defendants' motion to dismiss with respect to the public nuisance claim.

**D.     Appropriate Relief**

If the court finds dismissal is warranted, the court should grant leave to amend unless amendment would be futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As Plaintiffs may plead facts that would render the first CWA violation ongoing, the Court cannot conclude that any amendment would be futile. Plaintiffs are therefore granted leave to amend the first claim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion (Dkt. 16) is **GRANTED in part** and **DENIED in part**. Plaintiffs are granted leave to amend the complaint by October 12, 2018. Plaintiffs' other motions to extend the expert witness disclosure deadline (Dkt. 17, 21) are **GRANTED**.

Dated this 11th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge