UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS VERDIER and ANDREW LONG,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>GREG BOST and LAURIE BOST,<br><br>　　　　　　　　Defendants. | CASE NO. C18-5043 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR EXTENSION OF TIME AS MOOT, AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION |

This matter comes before the Court on Defendants Greg and Laurie Bost's ("Bosts") motion for summary judgment, Dkt. 47, Plaintiffs Andrew Long ("Long") and Douglas Verdier's ("Verdier") (collectively "Plaintiffs") motion for partial summary judgment, Dkt. 52, and Plaintiffs' motion for extension of time, Dkt. 64. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the Bosts' motion and denies Plaintiffs' motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 19, 2018, Plaintiffs filed a complaint against the Bosts asserting three causes of action as follows: (1) a violation of the Clean Water Act, 33 U.S.C. § 1251, *et*

*seq.* ("CWA") for filling without a permit, (2) a violation of the CWA for an ongoing discharge, and (3) a violation of state water management statutes and other torts. Dkt. 1.

On July 9, 2018, Defendants filed a motion to dismiss. Dkt. 16. On September 11, 2018, the Court granted the motion in part, denied the motion in part, and granted Plaintiffs leave to amend the complaint. Dkt. 23. The Court dismissed Plaintiffs' first claim and granted Plaintiffs leave to amend. *Id.* Plaintiffs failed to file an amended complaint.

On February 27, 2019, the Bosts filed a motion for summary judgment on Plaintiffs' remaining claims, Dkt. 47, and Plaintiffs filed a motion for partial summary judgment, Dkt. 52. On March 13, 2019, Plaintiffs responded and moved to strike the Bosts' "undisclosed experts."[1] Dkt. 53. On March 18, 2019, the Bosts responded. Dkt. 54. On March 22, 2019, Defendants replied. Dkt. 62. On March 25, 2019, Plaintiffs filed a motion for extension of time to file their reply and filed the reply. Dkts. 64, 65. On March 26, 2019, the Bosts responded to Plaintiffs' motion for an extension of time. Dkt. 67.

## II. FACTUAL BACKGROUND

This is the latest legal dispute involving Verdier and his neighbors the Bosts. *See, e.g., Verdier v. Clark Cty.*, C15-5700RBL, 2017 WL 2180753, at *1 (W.D. Wash. May 18, 2017), *aff'd sub nom. Verdier v. Walker*, 745 Fed. Appx. 781 (9th Cir. 2018) (dismissing civil rights claims based on detention after "Verdier turned off the Bosts'

---

[1] Although it is debatable whether the government officials are experts that should have been disclosed, the motion is moot because the Court resolves this matter without relying on their declarations.

water supply [and] threatened to 'blow away' his neighbor"); *Verdier v. Bost*, 192 Wn. App. 1066 (2016) ("the Verdiers sued the Bosts to quiet title to the disputed land and [for] damages for the maintenance and use of the [shared] well."). In this case, Verdier and Long, "an environmental law scholar," Dkt. 1, ¶ 4, bring this citizen suit for alleged violations of environmental protection laws. Although Plaintiffs move to strike some of the Bosts' evidence, the relevant facts are mostly undisputed.

In 2004, the Bosts purchased their property in Washougal, Washington. Dkt. 48, Declaration of Greg Bost, ¶ 1. The house was built in the 1920s, and the Bosts assert the stone retaining walls were originally built at the same time. *Id.*, ¶ 2. One wall is near the property line that the Bosts share with Verdier. *Id.* In 2012, the Bosts discovered that the wall near the property line was in need of repair. *Id.*, ¶ 3. The Bosts hired a repairman to repack the stones in the wall with mortar. *Id.* Mr. Bost declares that the repairs did not modify the size or location of the wall. *Id.*

In 2016, a Clark County Code enforcement officer visited the Bosts' property in response to a complaint from Verdier. Dkt. 51-1 at 1. The officer reported as follows:

> MET WITH THE PROPERTY OWNERS (BOST'S) ON SITE TO VIEW THEIR PROPERTY. THE ONLY RETAINING WALL ON SITE IS MADE OF STONE AND DOWN BY THE RIVER. ITS 4' OR LESS AND HAS BEEN HERE A LONG TIME. NO SIGN OF ANYTHING RECENT BEING BUILT DOWN HERE. NO SIGN OF ANY VIOLATION.

*Id.* at 2.

In October 2018, Rebecca Rothwell, a wetlands and shorelands specialist for the Washington Department of Ecology ("DOE"), and James Carsner, biologist and project

manager for the United States Army Corps of Engineers ("Corps"), visited the Bosts' property. Dkt. 49, ¶¶ 3, 4. They concluded that the Bosts' retaining wall was located above the Washougal River's ordinary high water mark ("OHWM") and that the Bosts' repairs to the wall did not require authorization from the DOE or from the Corps. *Id.*

In January 2019, the Bosts arranged for a second visit by Ms. Rothwell and Mr. Carsner. *Id.* ¶ 5. Ms. Rothwell located the OHWM, in consultation with Mr. Carsner, who concurred with the location. *Id.* The location was surveyed the same day by Daniel Renton, who produced an exhibit drawing illustrating the location of the OHWM in relation to the stone retaining walls. Dkt. 50-2 at 1 ("Renton Drawing"). Although the OHWM is at or near the toe of some of the retaining walls on the Bosts' property, it does not touch the retaining wall in the southwest corner, and it lies well below the fence. *Id.*

### III.  DISCUSSION

A.  **Summary Judgment**

   1.  **Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**2. CWA**

The Bosts move for summary judgment on Plaintiffs' CWA claim for an ongoing discharge. The Bosts advance three arguments as follows: (1) all repairs were completed above the OHWM, which is beyond the reach of the CWA; (2) the repairs are exempt

from the CWA because it was a repair to a currently serviceable structure; and (3) Plaintiffs have failed to submit evidence of an ongoing discharge. In their reply, the Bosts' appear to abandon the first two arguments and rely exclusively on the third.[2] Thus, the Court will address the evidence of any ongoing discharge.

The CWA does not permit citizen-suits for violations "wholly past," instead requiring plaintiffs to show that a defendant is "in violation" of the CWA at the time the lawsuit is filed. *See Gwaltney of Smithfield, Ltd., v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59 (1987) ("the harm sought to be addressed by the citizen suit lies in the present or the future, not in the past."). In denying the Bosts' motion to dismiss Plaintiffs' ongoing discharge claim, the Court relied on Plaintiffs' allegation that "the ongoing discharge of concrete and other retaining-wall material into the Washougal River without a permit is a present and unlawful discharge of pollutants under the CWA." Dkt. 23 at 7. On summary judgment, Plaintiffs may not rely solely on allegations. *Lujan*, 497 U.S. at 888–89. The Bosts argue that Plaintiffs have failed to submit any evidence of any ongoing discharge beyond mere speculation. Dkt. 62. The Court agrees. Plaintiffs request that the Court presume that the Bosts' repairs to the wall "completed with an assortment of readily available fill material that common sense dictates will create an ongoing or intermittent stream of pollutants into the river." Dkt. 53 at 18. This, however, is mere speculation which may not defeat summary judgment. Therefore, the Court grants the Bosts' motion on Plaintiffs' remaining CWA claim because Plaintiffs

---

[2] Even if the Bosts did not explicitly abandon these arguments, the third issue is dispositive as a matter of law.

have failed to submit any evidence on an ongoing violation sufficient to create material questions of fact for trial.

**B.   Supplemental Jurisdiction**

When a district court has dismissed all claims over which it has original jurisdiction, it "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c). The Bosts request that the Court decline to exercise jurisdiction over Plaintiffs' remaining state law claims, and Plaintiffs failed to respond to this argument. The Court finds that Plaintiffs' state law claims are best suited for state court and declines to exercise supplemental jurisdiction. Therefore, the Court dismisses the claims without prejudice.

## IV.   ORDER

Therefore, it is hereby **ORDERED** that Bosts' motion for summary judgment, Dkt. 47, is **GRANTED** and Plaintiffs' motion for summary judgment and motion for an extension of time are **DENIED as moot**. Plaintiffs' CWA claim is dismissed with prejudice and state law claims are dismissed without prejudice.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 25th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge