UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS VERDIER and ANDREW LONG,<br><br>Plaintiffs,<br>v.<br><br>GREG BOST and LAURIE BOST,<br><br>Defendants. | CASE NO. C18-5043 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND PLAINTIFF'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* |

This matter comes before the Court on Defendants Greg Bost and Laurie Bost ("Bosts") motion for attorney's fees, Dkt. 73, and Plaintiff Andrew Long's ("Long") motion to appeal *in forma pauperis*, Dkt. 79.

On January 19, 2018, Long and co-Plaintiff Douglas Verdier ("Verdier") (collectively "Plaintiffs") filed a complaint against the Bosts asserting three causes of action as follows: (1) a violation of the Clean Water Act, 33 U.S.C. § 1251, *et seq.* ("CWA") for filling without a permit, (2) a violation of the CWA for an ongoing discharge, and (3) a violation of state water management statutes and other torts. Dkt. 1.

On September 11, 2018, the Court granted in part and denied in part the Bosts' motion to dismiss. Dkt. 23. In relevant part, the Court concluded that Plaintiffs "plausibly [allege] that the ongoing discharge of concrete and other retaining-wall

material into the Washougal River without a permit is a present and unlawful discharge of pollutants under the CWA." Dkt. 23 at 7.

In October 2018, Rebecca Rothwell, a wetlands and shorelands specialist for the Washington Department of Ecology ("Ecology") and James Carsner, biologist and project manager for the United States Army Corps of Engineers ("Corps"), visited the Bosts' property. They concluded that the retaining wall was located above the high water mark and that the Bosts' repairs to the wall did not require authorization from Ecology or from the Corps and did not violate Washington's Shoreline Management Act or the CWA. Dkt. 49, Declaration of Rebecca Rothwell; Dkt. 51, Declaration of James Carsner. Despite these findings, Plaintiffs maintained their single claim against the Bosts.

On April 25, 2019, the Court granted the Bosts' motion for summary judgment concluding that Plaintiffs failed to "submit any evidence on an ongoing violation sufficient to create material questions of fact for trial." Dkt. 70 at 7.

On May 9, 2019, the Bosts filed a motion for attorney's fees arguing that Plaintiffs' suit was unfounded and frivolous. Dkt. 73. On May 20, 2019, Long responded. Dkt. 76. On May 24, 2019, the Bosts replied. Dkt. 77.

On May 24, 2019, Long filed a motion for leave to appeal *in forma pauperis*. Dkt. 79.

On May 28, 2019, Verdier responded opposing the motion and informing the Court that he and the Bosts "have signed a mutual release that neither party would seek damages or continue this [suit]." Dkt. 81.

First, the Court denies Long's motion because Long has failed to establish that the appeal is in good faith. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (applicant must establish at least one issue or claim that is "non-frivolous"). After both federal and state regulators toured the relevant property and found no violation of the CWA, Plaintiffs continued to pursue this action based on their contention that the Bosts' permanent structure constituted an ongoing violation. When it came time to produce actual evidence of a continuing violation, they had none. Any appeal of this factually unsupported claim would be frivolous. Therefore, the Court **DENIES** Long's motion to appeal *in forma pauperis*.

Second, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978). The last phrase in that standard is applicable here because Plaintiffs should have known that their claim was groundless and frivolous after the representatives from Ecology and the Corps visited the Bosts' property and found no violation of the CWA. Thus, the Court **GRANTS** the Bosts' motion for attorney's fees and awards all fees incurred after the Bosts can establish that they notified Plaintiffs of Ecology and the Corps's conclusions.

The Bosts may file a petition for fees. That petition must be accompanied by a declaration supporting the date of notice to Plaintiffs and detailed invoices as to the time spent and fees charged in this matter. The summary the Bosts submitted in support of their motion will not suffice. *See* Dkt. 74-3 at 1. The Bosts shall note the petition as a

three-week motion in accordance with Local Rules W.D. Wash. LCR 7(d)(3).  Plaintiffs may respond and address the reasonableness of the requested fees, the egregiousness of the conduct, and their ability to pay.  *In re Yagman*, 796 F.2d 1165 (9th Cir.1986), *amended*, 803 F.2d 1085 (9th Cir. 1986).

**IT IS SO ORDERED**.

Dated this 14th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge